IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

MICHAEL E. NEWSON,

        Plaintiff,

vs.                              **Case No. 09-4075-RDR**

DILLARD STORE SERVICES, INC.,

        Defendant.

## MEMORANDUM AND ORDER

This matter is presently before the court upon defendant's motion for summary judgment. The defendant contends that plaintiff's claims are barred because they were filed more than ninety days after issuance of the right-to-sue letter by the Equal Employment Opportunity Commission (EEOC). Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

I.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "In applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." Burke v. Utah Transit Auth. & Local 382, 462 F.3d 1253, 1258 (10th Cir. 2006) (quotation omitted). "Moreover,

on a motion for summary judgment we cannot evaluate credibility nor can we weigh evidence." Nat'l Am. Ins. Co. v. Am. Re-Ins. Co., 358 F.3d 736, 742 (10th Cir. 2004) (quotation omitted).

II.

The following facts are undisputed or viewed in the light most favorable to the plaintiff: Plaintiff filed a charge of discrimination with the Kansas Human Rights Commission (KHRC) on June 12, 2007 against his former employer, "Dillards and its Representatives." Plaintiff filed the complaint without the help of an attorney or a representative. Someone at the KHRC typed out the complaint from information provided by the plaintiff. Plaintiff asserts that at that time he provided his correct address to the KHRC, which is 1544 International Court, Apartment H-1, Manhattan, Kansas 66502. The complaint, however, contains the following address for plaintiff: 1544 International Ct., Apt. 1, Manhattan, KS 65502. Upon the completion of the complaint, plaintiff signed it under the following language:

> Michael T. Newson, being duly sworn, deposes and says that: that she/he is the Complainant herein; that she/he has read the foregoing complaint and knows the contents thereof; that the same is true of her/his own knowledge except as to the matters therein stated on information and belief; that as to those matters she/he believes the same to be true.

Plaintiff lived in an apartment complex that contained at least 100 apartments and separate apartment buildings that were labeled as Building A, B, C, etc. There are approximately 12

apartments at the complex that are identified as Apartment 1. The failure to designate the appropriate building could cause any mail simply addressed to "Apartment 1" to be returned for an insufficient address.

Following the filing of the complaint, plaintiff contacted an individual at the KHRC many times to determine the status of his complaint. The KHRC closed plaintiff's case on October 15, 2007. The EEOC issued and mailed a notice of right-to-sue letter to the address on plaintiff's KHRC complaint on January 29, 2008.

Plaintiff continued calling the KHRC and was eventually given a telephone number for the EEOC. He called the EEOC in February 2009. Thereafter, plaintiff received a letter from the EEOC. In this letter, which is dated February 12, 2009, the EEOC mailed plaintiff a second copy of his notice of right-to-sue letter. The EEOC noted that "[o]ur records do not reflect whether or not you did previously receive these documents." Plaintiff then filed the instant case on May 14, 2009.

## III.

Title VII requires a plaintiff claiming discrimination in employment to file his complaint within ninety days of receipt of a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). The ninety-day filing deadline is a condition precedent to suit, rather than a jurisdictional prerequisite. Jarrett v. U.S. Sprint Communications Co., 22 F.3d 256, 259-60 (10th Cir. 1994). It

operates like a statute of limitations and is subject to estoppel, waiver and equitable tolling. Id. The time limit is not flexible, and a one-day delay can be fatal. See Trujillo v. City of Albuquerque, 134 F.3d 383, 1998 WL 43177 at *2 (10th Cir. 1998). In cases where the actual date of receipt is unknown or disputed, the Tenth Circuit applies a presumption that notice was received either three days or five days after it was mailed. Lozano v. Ashcroft, 258 F.3d 1160, 1165 (10th Cir. 2001).

Based upon his affidavits, plaintiff contends that he did not cause the delay in the receipt of the right-to-sue letter. He suggests that the KHRC made a mistake in typing his address and this mistake led to the non-delivery or misdelivery of the right-to-sue letter. Based upon the decisions in several cases, plaintiff suggests that the court should apply equitable tolling here. He notes that he acted with reasonable diligence during the period prior to the receipt of the right-to-sue letter. He points out that he continuously contacted the KHRC about the status of his complaint and was eventually led to the EEOC in February 2009, where he discovered that a right-to-sue letter had previously been issued to an incorrect address. He then indicates that he filed the instant complaint within 90 days of the receipt of the letter containing the original right-to-sue letter.

Generally, equitable tolling is warranted only if the circumstances of the case "rise to the level of active deception

4

which might invoke the powers of equity." Cottrell v. Newspaper Agency Corp., 590 F.2d 836, 838-39 (10th Cir. 1979). Thus, equitable tolling may be appropriate when the plaintiff has been "lulled into inaction by her past employer, state or federal agencies, or the courts," Martinez v. Orr, 738 F.2d 1107, 1110 (10th Cir. 1984) (internal quotation marks omitted), or if the plaintiff is "actively misled" or "has in some extraordinary way been prevented from asserting his or her rights." Id. (internal quotation marks omitted). The propriety of equitable tolling must be determined on a case-by-case basis, and rests within the sound discretion of the trial court. Million v. Frank, 47 F.3d 385, 389 (10th Cir. 1995); Jarrett, 22 F.3d at 260.

The parties have failed to locate a case with facts identical to those in the instant case. Plaintiff relies heavily upon Wyckoff v. Loveland Chysler-Plymouth, Inc., 2008 WL 927664 (D.Colo. 2008) where the court applied equitable tolling in circumstances somewhat similar to the instant case. The defendant points to cases where the courts dismissed a plaintiff's Title VII claim after the complaint was filed more than ninety days after receipt of the right-to-sue letter because the plaintiff provided an inaccurate mailing address to the EEOC. See St. Louis Alverno College, 744 F.2d 1314, 1316-17 (7th Cir. 1984); Lewis v. Connors Steel Co., 673 F.2d 1240, 1243 (11th Cir. 1982).

In Wyckoff, plaintiff filed a charge of discrimination that

5

contained her current address.  However, prior to the issuance of a right-to-sue letter, plaintiff moved and notified the EEOC of her new address.  The EEOC apparently recorded the wrong address and then mailed the right-to-sue letter to that address.  It was, of course, never received by plaintiff and returned to the EEOC as undeliverable.  Plaintiff's counsel subsequently sent a letter to the EEOC stating that the notice had not been received.  The EEOC issued another right-to-sue letter.  After plaintiff filed a lawsuit, the defendant sought to dismiss arguing that plaintiff's claims were barred because they were filed more than ninety days after the issuance of the original right-to-sue letter.  The court denied the motion to dismiss.  Relying on <u>Jackson v. Continental Cargo-Denver</u>, 183 F.3d 1186 (10th Cir. 1999), the court concluded that the limitations period began to run upon actual receipt of the right-to-sue letter because plaintiff "may plausibly demonstrate that she was not culpable for the failure to receive the original notice of right to sue."  <u>Wyckoff</u>, 2008 WL 927664 at *2.  The court further explained:  "It is entirely plausible that an EEOC employee was responsible for the transposition, or that some other series of events not attributable to plaintiff was responsible for the error."  <u>Id</u>.

In <u>Jackson</u>, the Tenth Circuit considered a case where the plaintiff, who was temporarily residing elsewhere, did not pick up his mail for several weeks.  He, therefore, was unaware of three

certified mail receipts for the right-to-sue letter that were left in his mailbox. The Tenth Circuit decided, under these circumstances, that the actual receipt of the right-to-sue letter was the appropriate starting point for the limitations period. Jackson, 183 F.3d at 1189. The court concluded that the limitations period should begin to run when the plaintiff knows he has the right to file an action, since "Title VII is broad remedial legislation that must be liberally construed." Id.

Although different factually, these cases do provide some guidance for the court. Jackson makes clear that courts in the Tenth Circuit should liberally construe the provisions of Title VII. Wyckoff suggests that the court should consider who caused the right-to-sue letter to be delivered to the wrong address. In examining these issues, the court must also evaluate the aforementioned standards for the application of equitable tolling.

The defendant has argued vigorously that plaintiff's failure to receive the original right-to-sue letter was solely the fault of the plaintiff. In the cases relied upon by the defendants, see e.g., Alverno College, 744 F.2d at 1316-17 and Lewis, 673 F.2d at 1243, the plaintiffs were indeed solely at fault for their failure to receive the right-to-sue letter because they failed to notify the EEOC of a change in their addresses. However, based upon the record before the court, we cannot agree that the circumstances here show that plaintiff was the only party at fault. The

7

undisputed facts before the court indicate that plaintiff provided his correct address to the KHRC. The KHRC, however, typed the wrong address on plaintiff's charge of discrimination. Plaintiff did, however, have an opportunity to correct this mistake when he reviewed the charge of discrimination in order to sign it. Thus, there were two mistakes made here--the error made by the KHRC and the error made by the plaintiff in failing to recognize the KHRC's mistake. The error made by the plaintiff makes this a difficult decision and a very close case. Nevertheless, under these circumstances, we believe that equitable tolling should be applied. We reach this conclusion because if it were not for KHRC's transcription error, plaintiff would have received the right-to-sue letter. Plaintiff should not be denied his opportunity to present his case because he failed to recognize the error made by the KHRC. The adoption of the defendant's position would defeat the requirement that Title VII be liberally construed because it is remedial legislation. The court further notes, again based upon the record before it, that plaintiff exercised reasonable diligence in pursuing his administrative charge. He made continual efforts to check on the status of his complaint, and he filed this action within ninety days after he received notice that a right-to-sue letter had been issued. Plaintiff was lulled into inaction through the initial error by the KHRC and then by their repeated statements that the case was still pending. Accordingly, the court shall deny

defendant's motion for summary judgment.  The court shall apply the doctrine of equitable tolling and find, based upon the facts presently before the court, that plaintiff timely filed his complaint in this case.  See <u>Johnson v. Smarte Carte, Inc.</u>, 2007 WL 1176736 at ** 3-4 (E.D.N.Y. 2007).

The court notes that the defendants also raised some other issues concerning the adequacy of plaintiff's amended complaint in its initial motion to dismiss.  The court finds no merit to any of those arguments.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Doc. # 18), which the court has converted to a motion for summary judgment, be hereby denied.

**IT IS SO ORDERED.**

Dated this 2nd day of April, 2010 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge