IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

MICHAEL E. NEWSON,

        Plaintiff,

vs.                            **Case No. 09-4075-RDR**

DILLARD STORE SERVICES, INC.,

        Defendant.

## MEMORANDUM AND ORDER

This matter is presently before the court upon defendant's motion to compel arbitration and stay all proceedings pending arbitration. Plaintiff has failed to timely respond to this motion. Having carefully reviewed the arguments of the defendant, the court is now prepared to rule.

Plaintiff filed a complaint in this court on May 14, 2009. In that complaint plaintiff, who is African-American, contended that the defendant, his former employer, discriminated against him because of his race during his employment and when they terminated him. He asserted claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Equal Pay Act of 1963, 29 U.S.C. § 206(d). He later filed an amended complaint in which he dropped his claim under the Equal Pay Act.

The facts underlying the instant motion are undisputed since plaintiff has failed to timely respond to the defendant's motion. On June 6, 2006, plaintiff began employment with the defendant. On

that day, plaintiff was given an "Agreement to Arbitrate Certain Claims [Arbitration Agreement]." He signed that document and was given a packet entitled "Rules of Arbitration [Rules]" to retain for his records. After an employee's demographic data is entered into the defendant's computer system, the defendant has the employee affirm his agreement to arbitrate claims in electronic form. The employee is provided with an electronic version of the "Rules of Arbitration" before he is provided with the electronic "Agreement to Arbitrate Certain Claims." On February 14, 2006, plaintiff electronically executed the electronic version of the "Agreement to Arbitrate Certain Claims." Plaintiff continued to work for the defendant until he was terminated on or about March 4, 2007.

The Arbitration Agreement prominently contains the following:

> IMPORTANT NOTICE: THIS AGREEMENT WAIVES YOUR RIGHT TO A JURY TRIAL AND TO PURSUE LITIGATION IN COURT. READ IT CAREFULLY BEFORE SIGNING.

It also states the following just above the signature block for the parties:

> WE AGREE TO ARBITRATE OUR DISPUTES AND TO ABIDE BY THE RULES OF ARBITRATION.

The Arbitration Agreement expressly refers to the "Rules of Arbitration." The Rules indicate that arbitration "will be the sole method used to resolve any covered dispute arising between [the company and the employee]." In the Rules, covered disputes are specifically identified and include "any claim that could be

made in a court of law" including "[d]iscrimination or harassment on the basis of race. . . ."

The defendant contends that plaintiff's claims are subject to the binding and enforceable Arbitration Agreement based upon the Federal Arbitration Act (FAA), 9 U.S.C. § 1 et seq. Thus, defendant seeks to compel arbitration of all claims asserted in plaintiff's amended complaint and to stay all proceedings pending resolution of those claims in arbitration.

The FAA provides that contractual agreements to arbitrate disputes "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "The purpose of the Act is 'to place an arbitration agreement upon the same footing as other contracts and to overturn the judiciary's longstanding refusal to enforce agreements to arbitrate.'" Hill v. Ricoh Americas Corp., ___ F.3d ___, 2010 WL 1530786 at * 2 (10th Cir. 4/19/10) (quoting Glass v. Kidder Peabody & Co., Inc., 114 F.3d 446, 451 (4th Cir. 1997). The FAA states a "liberal federal policy favoring arbitration agreements." Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 24 (1983). The FAA obliges courts to stay litigation on matters that the parties have agreed to arbitrate. 9 U.S.C. § 3; Hill, 2010 WL 1530786 at * 2.

The arbitration provision in the Arbitration Agreement is a valid and enforceable provision of the employment agreement.

Plaintiff was provided with the Agreement at the commencement of his employment with the defendant and voluntarily and knowingly signed it.  Therefore, the court must enforce it and must compel arbitration here.  The court shall stay litigation of this matter until resolution of plaintiff's claims in arbitration.

**IT IS THEREFORE ORDERED** that defendant's motion to compel arbitration and stay proceedings pending arbitration (Doc. # 35) be hereby granted.  This action is stayed pending resolution of the arbitration proceedings.

**IT IS SO ORDERED.**

Dated this 11th day of May, 2010 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge