**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

MICHAEL T. NEWSON,

        Plaintiff,

  vs.                              **Case No. 09-4075-RDR**

DILLARD STORE SERVICES,
INC.,

        Defendant.

## **O R D E R**

This matter is presently before the court upon an order to show cause issued by Magistrate Sebelius on March 14, 2011. Having carefully reviewed the pleadings filed by the parties, the court is now prepared to rule.

This action was filed by plaintiff on May 14, 2009. Eventually, on May 11, 2010, the court granted defendant's motion to compel arbitration and stay the proceedings pending arbitration. Following that order, plaintiff apparently took no steps to initiate the arbitration. Judge Sebelius issued an order on March 14, 2011 directing plaintiff to show cause on or before March 21, 2011 why this action should not be dismissed for lack of prosecution pursuant to Fed.R.Civ.P. 41(b). Plaintiff initially responded with a pleading that had no application to the order to show cause. Plaintiff finally responded to the order to show cause on March 17, 2011. In that response, plaintiff informed the court that he had "nominated" a company to perform the arbitration of

this matter. He further noted that defendant should have no objection to his choice of arbitrator. He thus suggested that dismissal was no longer appropriate. The defendant filed a reply on March 21, 2011 in which it argued that dismissal with prejudice was appropriate because plaintiff had failed to offer any explanation for his delay of ten months in pursuing arbitration. The defendant argued that this is just another example of plaintiff's dilatoriness in this case. The defendant further noted that plaintiff's selection of an arbitrator was not in compliance with the controlling agreement here.

Under Fed.R.Civ.P. 41(b), the court may dismiss an action if the plaintiff fails to comply with a court order or the Federal Rules of Civil Procedure or fails to prosecute its case. A Rule 41(b) dismissal is equivalent to an adjudication on the merits and is with prejudice, meaning plaintiff cannot refile his claims. Fed.R.Civ.P. 41(b). When determining whether to dismiss a case for lack of prosecution, the court considers "(1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant." Reed v. Bennett, 312 F.3d 1190, 1196 (10th Cir. 2002). "Only when these aggravating factors outweigh[ ] the judicial system's strong predisposition to resolve cases on their merits is outright dismissal with prejudice an appropriate sanction." Id. (quoting Meade v. Grubbs, 841 F.2d 1512, 1521 n. 7 (10th Cir.

2

1988)).

The court is frankly perplexed by the response of the plaintiff. When an order to show cause is issued, the court expects the receiving party to provide some detail about why the action should not be dismissed. This explanation should include some discussion of the reason for the delay. Plaintiff's response contains no account of why he has not pursued arbitration. Despite this critical oversight, the court does not intend to dismiss this action at this time. In considering the aforementioned factors, the court does not find that the defendant has shown any actual prejudice. The case has been delayed and the plaintiff is at fault, but we are not convinced that dismissal would serve the ends of justice. Given the nature of the case, any inconvenience to the court is slight. The court believes this case can now proceed to arbitration in a timely and orderly fashion. Accordingly, the court shall not dismiss this action. However, the court shall require plaintiff to initiate the arbitration process within twenty (20) days of this order. Plaintiff shall follow the procedures for arbitration set forth in the arbitration agreement between the parties. Failure to properly initiate the arbitration process within this time limit shall require the court to dismiss this action.

**IT IS THEREFORE ORDERED** that this action not be dismissed pursuant to Fed.R.Civ.P. 41(b). Plaintiff shall initiate the

arbitration process within twenty (20) days of the date of this order as set forth in the arbitration agreement between the parties. Failure to properly initiate the arbitration process within this time limit shall require the court to dismiss this action.

**IT IS SO ORDERED.**

Dated this 12th day of April, 2011 at Topeka, Kansas.

         s/Richard D. Rogers
         United States District Judge